UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: L'OREAL WRINKLE CREAM MARKETING
AND SALES PRACTICES LITIGATION                                    MDL No. 2415

TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in a District of New Jersey action seek centralization of the actions listed on Schedule A in the District of New Jersey. The plaintiffs' motion encompasses three actions pending in three districts.[1]

No party opposes centralization of this litigation concerning the marketing of various premium wrinkle creams and serums. Defendants L'Oréal USA, Inc., Lancôme, Inc. and Lancôme Luxury Products, LLC (collectively L'Oréal) support plaintiffs' motion in its entirety, while plaintiff in the Southern District of Florida action suggests centralization in the Southern District of Florida. Plaintiffs in a potential tag-along action pending in the Central District of California also support centralization in the District of New Jersey and, alternatively, suggest selection of the Central District of California as the transferee district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These three putative nationwide class actions share factual questions arising out of defendants' marketing of certain L'Oreal/Lancôme premium anti-aging wrinkle creams and serums.[2] Plaintiffs contend that defendants made numerous representations about the effectiveness of the products' anti-aging and restorative properties that were either not sufficiently supported, misleading or false. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are of the opinion that the District of New Jersey, where the first-filed action is pending, is an appropriate transferee district for this litigation. All actions were filed within a short time period, but the action pending in this district is slightly more procedurally advanced and contains more extensive

---

[1] The Panel has been notified of three additional related actions pending in three districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] These products include Lancôme Genifique, High Resolution, Renergie, Visionnaire, and Absolue Night Precious Cells.

- 2 -

allegations regarding defendants' conduct than the other actions, which were filed after the Food and Drug Administration's September 7, 2012, warning letter to defendants. By assigning this litigation to Judge William J. Martini, we are selecting a jurist experienced in multidistrict litigation to steer this controversy on a prudent course.

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable William J. Martini for centralized pretrial proceedings with the action listed on Schedule A and pending in that district.

      PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE: L'OREAL WRINKLE CREAM MARKETING
AND SALES PRACTICES LITIGATION**  MDL No. 2415

## SCHEDULE A

<u>Southern District of Florida</u>

Constanza Nino v. L'Oreal USA, Inc., et al., C.A. No. 1:12-23462

<u>Northern District of Illinois</u>

Mary Rawson v. L'Oreal USA, Inc., C.A. No. 1:12-07725

<u>District of New Jersey</u>

Lydia Fabend, et al. v. L'Oreal USA, Inc., et al., C.A. No. 2:12-03571